UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KENNETH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-356-TLS |
| | ) | |
| LAKE COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 9] filed by Co-Defendant Lake County, Indiana (Lake County), on November 21, 2011. The Plaintiff, Kenneth Jones, has not filed a response and the time for doing so has expired.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and

>  conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal,* 556 U.S. at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832(7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("A plaintiff 'pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.'") (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). In determining whether the complaint has properly stated a claim for relief, a "reviewing court [should] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**ANALYSIS**

The Plaintiff filed an employment discrimination Complaint against the Lake County Sheriff's Department, Lake County, Indiana, and the two individuals who served as the Sheriff

during the relevant periods. The Plaintiff alleges that he "has been an employee of [t]he Lake County Sheriff's Department since 2008. Throughout his employment, the Plaintiff has been subject to a sexually hostile work environment due to the improper behavior of his director superior, Sargent Tim Hogan." (Compl. 2, ECF No. 1.) The Plaintiff further alleges that, among other things, he has been demoted and denied promotions "due to the improper actions of Sargent Hogan." (*Id*.) The Plaintiff asserts that he "complained to Sargent Hogan's direct supervisors through the chain of command and none of [these] immediate supervisors, also employees of the Lake County Sheriff's Department and Lake County, and all under the supervision of [the] Lake County Sheriff . . . have taken any action" to remedy the alleged harassment and discrimination. (*Id*. 3.)

Lake County seeks dismissal under Rule 12(b)(6), arguing that the Plaintiff's allegations do not state a claim against it. In particular, Lake County argues that "the Plaintiff directs all of his allegations toward his immediate supervisors in the Lake County Sheriff's Department. Plaintiff makes no factual allegations to indicate that the Lake County Board of Commissioners, in its official capacity as the county executive body, condoned or tolerated the alleged hostile environment in any way." (Mem. Supp. Mot. Dismiss 2, ECF No. 9-1.)

"Title VII actions must be brought against the 'employer.' In suits against state entities, that term is understood to mean the particular agency or part of the state apparatus that has actual hiring and firing responsibility." *Hearne v. Bd. of Educ. of City of Chi.*, 185 F.3d 770, 777 (7th Cir. 1999). "It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. Ct. App. 1991); *see Delk v. Bd. of Comm'rs of Delaware Cnty.*, 503 N.E.2d 436, 440

(Ind. Ct. App. 1987) ("an agency relationship does not exist between the county and its commissioners and the sheriff" because "the county, does not have any control over the acts of the sheriff"); *Oswalt v. Grant Cnty.*, Cause No. 1:08-CV-194, 2010 WL 503035 (N.D. Ind. Feb. 8, 2010) ("Under Indiana constitutional, statutory, and case law, county commissioners, and, accordingly, Indiana counties, do not control the acts of county sheriffs.") (citing *Delk*); Ind. Const. art. 6, § 2 (providing for the election of county sheriffs). As Lake County cannot control the independently elected Sheriff of Lake County it does not have hiring and firing responsibility over the Sheriff or the Sheriff's agents. Lake County cannot be held liable as the Plaintiff's employer under Title VII.

The Plaintiff has pleaded no facts providing for the direct liability of Lake County. He has pleaded no facts supporting an allegation that, for example, Lake County conspired with the Sheriff's Department or otherwise engaged in action permitting or encouraging the alleged harassment and discrimination against him. Rather, he appears to seek to hold Lake County liable for failing to better supervise or fire a particular employee of the Lake County Sheriff. The Plaintiff cannot proceed against Lake County on that theory. On this basis, the Court will grant Lake County's Motion to Dismiss.

## CONCLUSION

For the reasons stated above, the Court GRANTS Lake County's Motion to Dismiss [ECF No. 9]. The Court DISMISSES WITHOUT PREJUDICE all claims brought by the Plaintiff against Lake County. The Plaintiff's claims remain pending against the other Defendants.

SO ORDERED on April 18, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION